**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMIKA HOLLINS,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI DEPT. OF SOCIAL SERVICES CHILDREN'S DIVISION,<br><br>Defendant. | ) | No. 4:26-CV-01330 RHH |

**MEMORANDUM AND ORDER**

Plaintiff moves for appointment of counsel. *See* ECF No. 3. After considering the motion and the pleadings, the motion will be denied without prejudice to refiling at a later time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

At this point in the action, it is not yet clear whether Plaintiff has presented non-frivolous allegations in her complaint. However, she has demonstrated that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Thus, Plaintiff's request for counsel will be denied. If at a future date the Court believes appointment of counsel is warranted, the Court will entertain a future motion for appointment of counsel at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

Dated this 20th day of August, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE